## CIRCUIT COURT OF HENRICO COUNTY

Betty Smith

    v.

Aluma-Coverall Corp.

April 6, 1981

Case No. 79-L-412

BY JUDGE E. BALLARD BAKER

Betty Smith, by Motion for Judgment filed November 13, 1979, and amended April 25, 1980, presents a six count claim against the defendant, alleging personal injury and property damage. Briefly, it all allegedly flows from the installation by defendant, on October 27, 1977, of cellulosic fiber insulation material in the attic of the plaintiff's home. This installation was pursuant to a written agreement by the parties of October 18, 1977.

The six counts allege:

      1. Negligence in providing and installing insulation material.

      2. False representation by the defendant as to suitability of the insulation material.

      3. Negligent misrepresentation by the defendant as to the suitability of the insulation material.

      4. Breach of express warranty that the insulation material would be suitable for use in the plaintiff's residence.

5. Breach of implied warranty of merchantability.

6. Breach of implied warranty of fitness for a particular purpose.

The issue at this time is the Amended Motion for Summary Judgment filed by defendant. The original Motion alleged the action was ". . . barred by the applicable statute of limitations". The Amended Motion for Summary Judgment alleges:

1. Counts IV, V, and VI of the plaintiff's Amended Motion for Judgment are barred by the one-year statute of limitations contained in the contract.

The contract provides ". . . that any action for breach of this contract, including any action for breach of warranty, must be commenced within one (1) year after the cause of action has accrued."

This provision is permitted by section 8.2-725 as a limitation on "An action for breach of any contract for sale. . .". However, section 8.01-246 must also be read, and it says that

as to any action to which section 8.2-725 of the Uniform Commercial Code is applicable, that section shall be controlling except that in products liability actions for injury to persons and for injury to property, other than the property subject to contract, the limitation prescribed in section 8.01-243 shall apply.

Section 8.01-243 provides a two-year period for personal injury claims and a five-year period in property damage claims. The contract provision limiting breach of warranty to one year applies only to the repair or replacement of defective materials or workmanship, and cannot reasonably, or under the code sections, be construed. to apply to injury to person or other property.

The Court does not believe Counts IV, V and VI are barred by the one-year contract provision. (The Court does not read the pleading as seeking to recover for injury to the cellulosic fiber insulation material itself, though this is not entirely clear).

"2. Any cause of action for personal injuries is limited by the two-year statute of limitations. Section 8.01-243, Code of Virginia (1950), as amended."

As noted above, this statement the court agrees with. However, under Locke v. Johns-Manville, decided March 6, 1981, the two-year period did not necessarily begin on October 27, 1977. The beginning of the two-year period is tied to the fact of harm to the plaintiff. It cannot be said on what is before the Court that the plaintiff's personal injury claim is barred.

"3. Any cause of action for consequential or incidental damages is barred by the terms of the contract."

The contract does have a Limitation of Damages provision which precludes the plaintiff from recovering from the defendant ". . . consequential or incidental except for injury to the person caused by consumer goods."

Section 8.2-719(3) does permit parties to a contract to limit or exclude "consequential" damages. "Incidental" damages, and they differ from "consequential" damages, Section 8.2-715, are not so treated.

The Court is not prepared to state, based on what has been presented, that the limitation in the contract on "consequential" damages is or is not effective or is or is not unconscionable.

"4. There is no genuine issue of any material fact and the defendant is entitled to judgment as a matter of law."

There may be a genuine issue of fact relative to when the plaintiff's cause of action for personal injury accrued. There may be a genuine issue of fact relating to the claim for consequential damages.

Clearly, the defendant is not entitled to judgment as a matter of law.